12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Leonard Robert HOWARD, Appellant.
 No. 93-2155.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 8, 1993.
Filed: December 6, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leonard Howard appeals the seventy-eight-month sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 I. BACKGROUND
 
 2
 Howard sent a package containing 2316 grams of cocaine from California to St. Louis via drug courier Salome Jackson. Drug Enforcement Agency agents arrested Jackson at a bus station and she agreed to make a controlled delivery to Maurice Couch, her St. Louis contact. The agents arrested Couch when he arrived at the bus station and he agreed to make a controlled delivery to Howard. The next day, Howard met Couch and they drove to Couch's grandmother's house, where Couch picked up the package and placed it on the floor of the car between Howard's feet. Agents then stopped the car and arrested Howard. Before the arrest, Howard had made incriminating statements to Couch, who was wired to tape-record the conversation, about sending the cocaine via courier and the need to repackage it for distribution.
 
 
 3
 The presentence report (PSR) calculated a total offense level of 25, based in part on a two-level enhancement under U.S.S.G. Sec. 3B1.1 for Howard's leadership and organizational role. The PSR also assigned Howard a criminal history category of III, based on five criminal history points. The district court accepted the PSR's calculation and sentenced Howard to seventy-eight months imprisonment and four years supervised release. Howard now appeals.
 
 II. DISCUSSION
 
 4
 Howard first argues that the district court erred by failing to depart downward under U.S.S.G. Sec. 4A1.3 because his criminal history category of III exaggerates his past conduct. A sentencing court's refusal to depart downward under Sec. 4A1.3, however, is not reviewable on appeal unless that court was unaware of its authority to depart. United States v. Hall, No. 93-2012, slip op. at 4 (8th Cir. Nov. 2, 1993). Here, the district court was aware of its departure authority under Sec. 4A1.3. See Sentencing Tr., at 7. Thus, we lack jurisdiction to review Howard's Sec. 4A1.3 claim.
 
 
 5
 Howard also asserts that the district court erred by increasing his offense level by two points under U.S.S.G. Sec. 3B1.1(c) for his leadership and organizational role in the crime.
 
 
 6
 We recognize "a broad definition of 'leadership and organizational role' " and review district court determinations on this issue under the clearly erroneous standard. United States v. Russell, 913 F.2d 1288, 1294 (8th Cir. 1990) (citations omitted), cert. denied, 111 S. Ct. 1687 (1991). Based on Couch's grand jury testimony and Howard's tape-recorded statements, the district court found that Howard was the source of the cocaine, that he arranged for its transport from California to St. Louis via courier, and that he controlled the proceeds of the transaction. We hold that these findings were not clearly erroneous and that they justify the two-level enhancement under Sec. 3B1.1(c).
 
 III. CONCLUSION
 
 7
 We affirm the district court's order imposing a sentence of seventy-eight months on Howard.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri